414 F.Supp. 793 (1976)
UNITED STATES of America, Plaintiff,
v.
ARTICLE OF FOOD CONSISTING OF 10 DRUMS, MORE OR LESS, OF OROTIC ACID, Defendant.
No. 75-93 C (1).
United States District Court, E. D. Missouri, E. D.
April 1, 1976.
As Amended August 31, 1976.
Barry A. Short, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Elliott P. Koenig, St. Louis, Mo., Dilling & Dilling, Chicago, Ill., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This matter was tried to the Court. The Court has been duly advised by testimony, exhibits, and briefs of the parties. The Court makes the following findings of fact and conclusions of law.

Findings of Fact
1. This action was filed by the United States of America pursuant to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq., to have seized and condemned, pursuant to 21 U.S.C. § 334, an article of food labeled in part: "Orotic Acid Anhydros" and "Orotic Acid Anhydros `Kyowa'" (hereafter called Orotic Acid).
2. The complaint for forfeiture was filed on January 30, 1975. The Orotic Acid was seized by the United States Marshal on that date. Thereafter, Robert Moravek intervened in this action and filed a claim and answer. A first amended complaint for forfeiture was filed on September 23, 1975, to substitute a different lot, but otherwise identical, Orotic Acid.
3. The Orotic Acid was shipped in interstate commerce to Private Formulae, Inc., in St. Louis, Missouri, where it was seized. At the time it was seized, it was being held for the purpose of further processing and sale. It was being held to manufacture "Magora" and/or "Calora" for the Miller Pharmacal Co., of West Chicago, Illinois. The Magora and Calora products as marketed were intended to be sold as dietary supplements *794 and were intended to be sold as a food for humans.
4. Orotic Acid is found naturally in cow's milk. The Orotic Acid seized in this action was manufactured by a fermentation process, it was not obtained from cow's milk.
5. Based on the testimony and exhibits before this Court, the Court finds that Orotic Acid is not accepted among knowledgeable nutritionists and physicians as having either nutritional or therapeutic properties. There is no evidence that Orotic Acid is needed in the diet of humans to supplement the body's synthesis of Orotic Acid.
6. Orotic Acid was not in common use as a separate food ingredient in dietary supplements or in any other food prior to January 1, 1958.
7. Orotic Acid is not generally recognized recognized among experts qualified by scientific training and experience to evaluate its safety as having have been adequately shown through scientific procedures or experience based on common use in food to be safe under the conditions of its intended use.
8. No sanction or approval was ever granted prior to September 6, 1958, under any federal law permitting the use of Orotic Acid in foods as a food additive.

Conclusions of Law
1. This Court has jurisdiction of this action under 21 U.S.C. § 301, et seq.
2. The Court finds there is no regulation in effect permitting the use of Orotic Acid in foods as a food additive or exempting Orotic Acid from the food additives requirements of the Federal Food, Drug, and Cosmetic Act.
3. The Court finds that Orotic Acid is a food, a food additive, an unsafe food additive, and adulterated within the meaning of 21 U.S.C. §§ 321(f), 321(s), 342(a), 342(a)(2)(C). The Orotic Acid will be condemned and cross-charged against the claimant.